THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| A. L. ENTERPRISES INC., a Nevada Corp. ) | Case No.  2:08CV536 |
| Plaintiff,                )  | |
| v.                            )  | **MEMORANDUM DECISION** |
| SEBRON, a California sole proprietorship   )<br>owned and operated by SERGE L.<br>BRONSTEIN, an individual        ) | |
| Defendants.              ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## INTRODUCTION

This lawsuit was filed on July 16, 2008 against Sebron, a California sole proprietorship. An almost identical complaint, filed previously against Sebron's owner Serge Bronstein as an individual, was dismissed for lack of personal jurisdiction, although the Court declined to address whether it had jurisdiction over Bronstein's company, Sebron.  When ALE filed this suit against Sebron, Sebron filed a Motion to Dismiss, claiming Res Judicata, lack of personal jurisdiction, and failure to state a claim.  This Court denied the Motion to Dismiss.  The Court then granted a Motion by ALE requiring Sebron to retain counsel.  Mr. Bronstein has now filed motions to vacate those two orders.  After carefully considering Mr. Bronstein's motions and the relevant case law, the Court hereby denies the Motion to Vacate Motion to Dismiss and the Motion for Sanctions, and grants the Motion to Vacate Order Requiring Defendant to Retain Counsel.

## ANALYSIS

A court has the inherent power to revisit earlier non-final decisions.[1]  This power is recognized in Federal Rule of Civil Procedure 54(b).  The Tenth Circuit has held that a decided issue should be revisited only in extraordinary circumstances, including: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice."[2]  In this case, the Order Requiring Defendant to Retain Counsel falls under the third of these extraordinary circumstances.

Many cases have recognized that although an entity cannot appear *pro se*, an exception exists when an entity is a sole proprietorship, because "a sole proprietorship has no legal existence apart from its owner."[3]  Thus, many courts have held that "sole proprietorships may proceed *pro se* in federal court."[4]

However, despite all the case law holding that a sole proprietorship and its owner are one and the same, the Court in the previous case between ALE and Mr. Bronstein held that the evidence showed only that "entities owned by Defendant may be subject to jurisdiction," but that there was no evidence that Mr. Bronstein himself had availed himself of the privilege of doing business in Utah."  Therefore, the Court held, "this is not enough to assert personal jurisdiction over Defendant," and granted Defendant's Motion to Dismiss.  In order to be consistent, this

---

[1] *Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th cir. 2005).

[2] *Wessel v. City of Albuquerque,* 463 F.3d 1138, 1143 (10th Cir. 2006).

[3] *United States v. Fox,* 721 F.2d 32, 36 (2d Cir. 1983); *Latanzio v. Galen Institute, Inc.,* 481 F.3d 137, 140 (2d Cir. 2007).

[4] *United Parcel Serv. v. The Net, Inc.,* 185 F.Supp.2d 274, 279-280 (E.D.N.Y. 2002). *Lowery v. Hoffman,* 188 F.R.D. 651, 653-54 (M.D.Ala. 1999).

Court accepted the previous court's erroneous application of the law regarding sole proprietorships and held that judicial estoppel precluded Sebron from changing its position and asserting that Sebron and Mr. Bronstein are the same.  Because Sebron was judicially estopped from asserting that it and Mr. Bronstein were the same, the Court determined that Mr. Bronstein could not represent his company *pro se*, but was required to retain counsel.  After a careful review of the case law, the Court concludes that its decision requiring Sebron to retain counsel was clearly erroneous and would work a manifest injustice if not corrected.

This decision does not affect the Order Denying Defendants' Motion to Dismiss. Sebron argues that because Sebron and Bronstein are the same, and the case against Bronstein was dismissed, judicial estoppel should apply and the case against Sebron should also be dismissed.   This argument is without merit. The previous court dismissed the case against Mr. Bronstein because it determined that the actions of Sebron are not attributable to Bronstein personally.   If that court was wrong about Sebron and Bronstein being separate, then the basis of the ruling was wrong and judicial estoppel does not apply.  Therefore, this Court's September 17, 2008 decision denying Defendant's motion to dismiss remains unchanged.  Personal jurisdiction is proper.

## CONCLUSION

For the above reasons, the Court hereby denies Defendant's Motion to Vacate Motion to Dismiss (Doc. #21), denies Defendant's Motion for Sanctions (Doc. #19), grants Defendant's Motion to Vacate Order Requiring Defendant to Retain Counsel (Doc. #20), and denies Plaintiff's Motion to Direct the Clerk to Refuse Sebron Filings Not Submitted by Counsel (Doc. #26).  In summary, the Court's Order Denying Defendant's Motion to Dismiss stands; however, Sebron will not be required to obtain counsel, and Serge Bronstein will be allowed to appear *pro se* to represent his sole proprietorship.

SO ORDERED.

DATED this 10th day of December, 2008.

BY THE COURT:

_____

DAVID SAM

SENIOR JUDGE

U.S. DISTRICT COURT