THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| A. L. ENTERPRISES INC., a Nevada Corp.  ) | Case No.  2:08CV536 |
| Plaintiff,                    ) | |
| v.                            ) | **MEMORANDUM DECISION** |
| SERGE BRONSTEIN, an individual, d.b.a.  ) SEBRON, a California sole proprietorship | |
| ) | |
| Defendants.               ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

On July 16, 2008, Plaintiff A. L. Enterprises Inc. (ALE), a manufacturer of male chastity devices, filed this counterfeiting and federal trademark infringement lawsuit against Serge Bronstein, d.b.a. Sebron, a California sole proprietorship.  ALE has now filed a Motion for Summary Judgment, alleging that Mr. Bronstein sold counterfeits of ALE's registered CB-3000 mark, that he infringed ALE's registered CB-3000 mark by using confusingly similar marks, that his activities constituted intentional interference with economic relations and unfair competition, and finally, that he infringed ALE's common law rights in the Curve and CB-6000 marks.  ALE has also moved for summary judgment on damages and attorney's fees and requests a permanent injunction to prevent Mr. Bronstein from infringing ALE's trademarks in the future.  The Court hereby grants ALE's first, second, and seventh causes of action, and denies the fourth, fifth, and

sixth causes of action.[1]  The Court also grants ALE's unopposed request for a permanent injunction, but denies ALE's request for damages or attorneys' fees.

## II.  SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[2]  E.g., *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In considering a motion for summary judgment, the Court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party and determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law."  *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567 (10th Cir. 1994).  *See also Combs v. Price Waterhouse Coopers LLP,* 382 F.3d 1196, 1199 (10th Cir. 2004)  An issue of material fact is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

---

[1] The court notes that ALE did not move for summary judgment on the third cause of action.

[2] Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  ANALYSIS

Viewing the facts in a light most favorable to Mr. Bronstein, the Court finds that summary judgment is appropriate for the first, second, and seventh causes of action, but not for the fourth, fifth, and sixth.  Summary Judgment is appropriate with regards to ALE's first cause of action regarding Bronstein's use of the CB-3000 mark in selling similar devices.  ALE has registered the CB-3000 mark on the principal register, and provided the court with a copy of this registration.  ALE has also provided evidence that Mr. Bronstein used the mark and similar marks in commerce without authorization from ALE, and that his use of the marks was likely to cause confusion.  Mr. Bronstein has not provided any evidence otherwise.  He argued that he was selling gray market goods, but failed to provide any evidence of this.

ALE's second cause of action for Federal Trademark Infringement alleges that Mr. Bronstein used designations confusingly similar to the CB-3000 mark, such as CB-4000 and JT-3000.  Because these marks are confusingly similar to ALE's CB-3000 mark, summary judgment is also appropriate on the second cause of action.

The seventh cause of action is for common law trademark infringement.  In a case for common law trademark infringement a plaintiff must establish:(1) that it has a protectable interest in its mark; (2) that the defendant used the mark in commerce; and (3) a likelihood of consumer confusion. *Donchez v. Coors Brewing Co.,* 392 F.3d 1211, 1219 (10th Cir. 2004).  ALE has demonstrated that it has a protectable interest in the Curve and CB-6000 Marks, that Mr. Bronstein used the mark in commerce, and that there was a likelihood of confusion.  Mr.

Bronstein has not provided any evidence to the contrary, so the Court grants summary judgment on the seventh cause of action.

Summary Judgment is not appropriate for ALE's fourth cause of action, Intentional Interference with Economic Relations.  To establish intentional interference with economic relations, the plaintiff must show "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff." *Leigh Furniture & Carpet Co. v. Isom,* 657 P.2d 293, 304 (Utah 1982).  Viewing the facts in a light most favorable to Mr. Bronstein, the Court finds a genuine issue of material fact regarding whether Mr. Bronstein's actions were intentional.  Mr. Bronstein alleges that he purchased the devices from a website, and that he had no reason to suspect that they were trademarked.  He thought the devices and their names were generic.  After he received the cease and desist letter, he changed the name of the products he was selling, to JT-4000 and later to JT-CBelt, thinking that would take care of the problem with ALE.  He even emailed ALE to see if the change in names would be sufficient, but ALE never responded to those emails, instead filing this lawsuit.  These and other allegations by Mr. Bronstein indicate genuine issues of fact as to whether his actions were intentional.  Also Mr. Bronstein's actions were so minimal that there is a genuine issue of fact as to whether there was any interference with ALE's economic relations. Therefore, the Court denies summary judgment on ALE's fourth cause of action.

ALE's fifth cause of action is for federal competition and false designation of origin under Section 43(a) of the Lanham Act at 15 U.S.C. §1125(a).  ALE states that "Bronstein has used identical or confusingly similar marks to identify its products *in an attempt to associate*

*itself with ALE.*" Plaintiff's Memorandum in support of Motion for Summary Judgment, p. 14 (emphasis added). Again, there are genuine issues of material fact as to whether that is what Bronstein was attempting to do. Therefore, the Court denies summary judgment on the fifth cause of action.

The Court also denies summary judgment on the sixth cause of action, violation of Utah's Unfair Competition Laws. "Unfair competition as we understand it, consists in one person imitating by some device or designation the wares made and sold by another for the purpose of palming off or substituting his wares for those of the other, and in that way misleading the purchaser by inducing him to buy the wares made and sold by the first instead of those by the second." *Overstock.com Inc. v. SmartBargains, Inc.,* 192 P.3d 858, 862 (Utah 2008), *quoting Rocky Mountain Bell Tel. Co. v. Utah Indep. Tel. Co.,* 31 Utah 377, 88 P. 26 (1906). In this case there is a genuine issue of fact as to whether Mr. Bronstein's purpose was to substitute his wares for those of ALE, and in that way mislead the purchaser and induce him to purchase from him instead of from ALE. Because there are genuine issues of fact, summary judgment would not be appropriate on the sixth cause of action.

Finally, the Court must consider whether ALE is entitled to summary judgment on damages. ALE has requested a permanent injunction enjoining Mr. Bronstein from any future acts of infringement. Mr. Bronstein does not oppose an injunction. In fact, he states that he had completely removed the devices in question from his website as of 4/15/08, some time before this case was re-filed. The Court hereby grants ALE's unopposed motion for a permanent injunction.

Next, ALE requests statutory damages of $100,000 plus attorney's fees.  The Court hereby denies that motion.  ALE has not provided adequate evidence that it is entitled to receive damages.  Mr. Bronstein alleges that he had no knowledge of ALE prior to receiving the C&D letter, that he tried changing the name to JT-4000 and later to JT-CBelt in an attempt to correct any infringement, that he only sold a couple of chastity devices and that he removed the devices from his website around 4/15/08, prior to the re-filing of this lawsuit.  Because of numerous genuine issues of fact regarding the appropriateness and the amount of damages, the Court hereby denies ALE's Motion for Summary Judgement on damages.

## VI.  CONCLUSION

The Court grants in part and denies in part ALE's Motion for Summary Judgment.  The Court grants the motion with respect to the first, second, and seventh causes of action, and denies the motion as to the fourth, fifth, and sixth causes of action.  The Court also grants the unopposed request for a permanent injunction enjoining Mr. Bronstein from any future acts of infringement, but denies the request for damages and attorney's fees.

SO ORDERED.

DATED this 13th day of May, 2009.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT